**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION**

WILLIE JAMES LOWE, JR.,           :

    Petitioner,               :

                           CIVIL ACTION NO. 20-0319-WS-MU

                           :

vs.                        CRIMINAL NO. 13-0005-WS-MU

                           :

UNITED STATES OF AMERICA,

                           :

    Respondent.

## <u>REPORT AND RECOMMENDATION</u>

This cause is before the undersigned on Petitioner Willie James Lowe, Jr.'s motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 35), and the government's response in opposition (Doc. 43).[1] This action has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). Following consideration of all relevant pleadings in this case, it is recommended that Lowe's § 2255 motion be **DENIED/DISMISSED** without an evidentiary hearing, because "'it plainly appears from the face of the motion and [the] annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief[.]'" *Broadwater v. United States,* 292 F.3d 1302, 1303 (11th Cir. 2003) (citation omitted); *see also Rosin v. United States,* 786 F.3d 873, 878 (11th Cir.) ("It is well-settled that the district court is not required to grant an

---

[1]     Petitioner has not filed a reply to the government's response in opposition. (*See* Docket Sheet).

evidentiary hearing when the defendant's claims are affirmatively contradicted by the record evidence, nor is a hearing required if the claims are grounded upon generalizations that are unsupported by the record evidence."), *cert. denied,* __ U.S. __, 136 S.Ct. 429, 193 L.Ed.2d 320 (2015).

## FINDINGS OF FACT

On January 31, 2013, an indictment was returned against Willie James Lowe. Jr., charging him with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (Doc. 1, PageID. 1 ("On or about November 9, 2012, in the Southern District of Alabama, Northern Division, the defendant, **WILLIE JAMES LOWE, JR.[,]** having been convicted of a crime punishable by imprisonment for a term exceeding one (1) year, to-wit: Felon in Possession of a Firearm, on January 9, 2012,[2] in [t]he United States District Court for the Southern District of Alabama, case number 10-00120-WS, did knowingly possess, in and affecting interstate commerce, two (2) firearms, namely, a Cobra Ent Model, CA-380, .380 caliber pistol, serial number 0P068569 and an Intratec Model, TEC-DC9, 9mm pistol, serial number D016865[,] [i]n violation of Title 18, United States Code, Section 922(g)(1).")) (footnote added).

On March 21, 2013, Lowe entered a counseled guilty plea to the sole count of the indictment (*see* Doc. 40), pursuant to a plea agreement (*see* Doc. 20). As relevant here, the plea agreement indicates that Lowe specifically acknowledged his desire to waive certain elucidated constitutional rights and plead guilty to being a felon in

---

[2]     This was the date Lowe was sentenced. *See United States v. Lowe,* Criminal No. 2:10-00120-WS, Docket Sheet Entry for January 9, 2012. Lowe actually entered his counseled guilty plea on December 22, 2010. *See id.,* Docket Sheet Entry for December 22, 2010.

possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (*see id.,* PageID. 55) and, further, acknowledged that the Factual Resume attached to the agreement was "true and correct." (*Id.,* PageID. 57; *see also id.,* PageID. 63 ("I have consulted with my counsel and fully understand all my rights with respect to the offense charged in the Indictment pending against me. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand this agreement, and I voluntarily agree to it. I hereby stipulate that the Factual Resume, incorporated herein, is true and accurate in every respect, and that had the matter proceeded to trial, the United States could have proved the same beyond a reasonable doubt.")). The Factual Resume reads, in relevant measure, under the heading Offense Conduct, as follows:

On November 8, 2012, two armed suspects robbed a Church's Chicken Restaurant in Selma, Alabama. During the robbery, one suspect fired a shot from his handgun telling the employees of the restaurant that it was taking "too long" for them to open the safe and get them the money. The investigation of the robbery led to Lowe being a person of interest. At that time, Lowe was serving a federal sentence term of supervised release.

On November 9, 2012, Selma officers and Lowe's probation officer traveled to a residence where Lowe was believed to be hiding[,] obtained consent to search the residence, and found him lying on the floor in a bedroom next to the bed. They conducted a search of the residence. Underneath the mattress in the bed next to Lowe was a loaded Cobra Ent Model, CA-380 caliber pistol[,] serial number 0P068569. Located inside the bedroom closet was an Intratec Model, TEC-DC9, 9mm pistol, serial number D016865 that had 30 rounds in the magazine. A plastic bag with Lowe's federal judgment order and some of his state probation papers were found in the closet next to the pistol.

At that time, Lowe had been convicted, in January 2012, of a felony, namely, felon in possession of a firearm in [t]he United States District Court of the Southern District of Alabama, case number 10-00120-WS.

Lowe's possession of the above described firearms affected interstate commerce because neither firearm was manufactured in the State of Alabama.

(*Id.,* PageID. 65).

During the course of his guilty plea proceeding on March 21, 2013, Lowe stated he signed the plea agreement and then confirmed that by signing the document he was acknowledging that he "received a copy of it, . . . had an opportunity to read it and review it with [his] attorney, that [he] fully understand[s] the terms and conditions of the plea agreement and the factual resume, and that [he] agree[s] with it."  (Doc. 40, PageID. 143-44).[3] Lowe also confirmed that no one had made any promises of any kind to get him to plead guilty or otherwise forced, pressured or threatened him in any manner to plead guilty. (*See id.*, PageID. 144). Importantly, Lowe acknowledged that he had a chance to look at his prior felony convictions and speak to his attorney about them. (*See id.,* PageID. 144-45). At the time of this proceeding, Lowe was on supervised release and acknowledged that his release was subject to revocation such that the revocation hearing and sentencing hearing would be conducted on the same date. (*See id.,* PageID. 145). The Court then went on to explain to Lowe the constitutional rights he would lose (upon conviction), generally how the sentencing guidelines work, the constitutional rights he was waiving by entering a guilty plea, the elements of the offense, etc. (*See id.,* PageID. 146-49). Following this discussion, Lowe

---

[3]     Lowe also acknowledged that he read the indictment, reviewed it with his attorney, fully understood the charge in the indictment and that he was fully satisfied with representation given to him by defense counsel and had fully discussed all facts surrounding the charge. (Doc. 40, PageID. 143).

stated in open court that he committed the acts set forth in the statement of offense

conduct portion of his factual resume. (*Id.,* PageID. 149).

> THE COURT: All right. Then I find that the facts and acts to which you have admitted support a violation of the charge contained in Count 1 of the indictment. How do you now plead to that charge, guilty or not guilty?
>
> THE DEFENDANT: Guilty, Your Honor.
>
> THE COURT: Then it is the finding of this Court in the case of United States versus Willie James Lowe, Jr., that you are fully competent and capable of entering an informed plea, that you are aware of the nature of the charge and the consequences of your plea, and that your plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense. Your plea is therefore accepted, and you are now adjudged guilty of that offense.

(*Id.,* PageID. 149-50).

The presentence investigation report ("PSR") described Lowe's criminal history in

no small detail (*see* Doc. 27, PageID. 97-102), including Petitioner's December 22,

2010 guilty plea conviction in this Court for being a felon in possession of a firearm, for

which he received a custodial sentence in excess of one year on January 9, 2012 (*see

id.,* PageID. 101-02). Indeed, at the time of the commission of the instant offense, Lowe

was on supervised release based on that 2010 conviction. (*Id.,* PageID. 101). As a

result, in addition to being sentenced on the instant case, Lowe was pending revocation

of his SRT in the 2010 case based upon his arrest on the instant charge. (*See id.,*

PageID. 101 & 102).

During his combined sentencing and revocation proceeding on June 17, 2013

(*see* Doc. 41, PageID. 155 ("Mr. Lowe, we're here today for a sentencing hearing in

case 13-05 and a revocation hearing in case 10-120.")), Lowe expressly acknowledged

his understanding of the contents of the PSR (*id.,* PageID. 155) and later apologized for the crimes he committed, including illegally possessing the firearms (*see id.,* PageID. 157 ("First of all, I'd like to say that I'm terribly sorry for the actions of the crimes that I committed or whatever like that. ***I know I stood before you a little over a year ago and I gave you my word that I would be a better person in the future than I was in the past.*** And I would just like for . . . you to show me mercy. And I'm sorry, and I apologize to everybody that's here . . . . I'm terribly sorry. Thank you.")) (emphasis added). The Court, after noting the potential sentence Lowe faced in state court if state charges were pursued (*see id.,* PageID. 158-59), Lowe's past criminal history, including his recent past appearance before the Court (*see id.,* PageID. 159 ("[W]e had a discussion at that time about your conduct on supervised release. It didn't work out too well, obviously.")), imposed a custodial sentence of 120-months imprisonment in this action. (*Id.,* PageID. 159-60).[4]

---

[4]     As for the revocation portion of the proceeding, the Court noted that "Lowe was convicted in this Court on January 9, 2012, for the offense of felon in possession of a firearm, received a sentence of 21 months, followed by a three-year  supervised release term. Date of supervision began on August 24, 2012, and was due to expire on August 23, 2015. While on supervised release, the Probation Office filed a petition to revoke supervised release[.]" (*Id.,* PageID. 164-65). Lowe waived his right to a revocation hearing and admitted the violations set forth in the revocation petition. (*See id.,* PageID. 165). The Court found Lowe in violation of the terms and conditions of supervised release (*id.*) and imposed a sentence of 24 months "consecutive to the sentence of 120 months previously imposed in case 13-05." (*Id.,* PageID. 168; *see also id.,* PageID. 167 ("You appeared before me before and essentially promised me that you would stay out of trouble and continue on the straight and narrow, and it didn't happen. You, while you're on supervised release, not only did you possess a gun but you possessed it in the course of an armed robbery which as we've already talked about is an extremely serious offense and given your criminal history could result in you spending the rest of your life in prison should the State of Alabama decide that's the direction they want to go.")).

Lowe filed a notice of non-appeal on June 17, 2013 (Doc. 30, Page ID. 113 ("I have been advised by the Court and by my attorney of my right to appeal my conviction and sentence. I have consulted with my attorney, who has explained the advantages and disadvantages of taking an appeal. I have had sufficient time to consider my options and require no further explanation. After consideration, it is my desire to inform the Court that I do not wish to take an appeal.")). On July 2, 2013, the Court entered final written judgment. (Doc. 31).

On June 4, 2020, Lowe filed his motion to vacate in this Court (Doc. 35, PageID. 136 (Lowe's declaration that he delivered his motion to vacate to the mail room staff at the federal prison where he is housed on June 4, 2020)). In his motion to vacate, Lowe raises the following claims for relief, all grounded on the Supreme Court's decision in *Rehaif v. United States,* ___ U.S. ___, 139 S.Ct. 2191, 204 L.Ed.2d 594 (2019) : (1) the § 922(g) conviction must be vacated because this Court lacked subject matter jurisdiction; (2) the indictment was defective/insufficient because it failed to state an offense against the United States;[5] (3) the guilty plea was involuntary and unknowingly given; and (4) the government did not meet its burden of showing that he had knowledge of his status as being a person prohibited from possessing a firearm. (*See* Doc. 35, PageID. 132).[6]

---

[5]     Lowe parenthetically argues that the factual basis of the plea did not cure the defective indictment and was insufficient to establish an offense against the United States. (*See* Doc. 35, PageID. 132).

[6]     In his motion to vacate, Lowe addresses the one-year limitations period by essentially arguing that the Supreme Court's decision in *Rehaif, supra,* announced a new rule substantive law retroactively applicable to cases on collateral review. (*See* Doc. 35, PageID. 134-35).

In its response in opposition, the government stakes the position that Lowe's jurisdictional claim has no merit and that he has procedurally defaulted his remaining non-jurisdictional claims. (*See generally* Doc. 43).

## CONCLUSIONS OF LAW

**A.**     **Legal Standard**.     Section 2255 reads, in relevant part, as follows: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Thus, as the language of § 2255(a) makes clear, "the grounds for collateral attack on a final judgment . . . are limited[,]" *Gayle v. United States,* 2020 WL 4339359, *3 (S.D. Fla. July 28, 2020) and are "reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Lynn v. United States,* 365 F.3d 1225, 1232 (11th Cir.) (citations and internal quotation marks omitted), *cert. denied,* 543 U.S. 891, 125 S.Ct. 167, 160 L.Ed.2d 154 (2004).

**B.**     ***Rehaif v. United States***.     In *Rehaif v. United States,* ___ U.S. ___, 139 S.Ct. 2191, 204 L.Ed.2d 594 (2019), decided on June 21, 2019, the Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he

belonged to the relevant category of persons barred from possessing a firearm." *Id.* at 2200. Here, all of Lowe's claims for relief hinge on the Supreme Court's decision in *Rehaif.* (*See* Doc. 35, at PageID. 132 (Petitioner links all of his claims to *Rehaif*)).

Unfortunately for Lowe, *Rehaif* did not announce a new rule of constitutional law; instead, it merely clarified the statutory elements for prosecution under 18 U.S.C. § 922(g). *In re Palacios,* 931 F.3d 1314, 1315 (11th Cir. 2019); *see also In re Price,* 964 F.3d 1045, 1049 (11th Cir. 2020) ("Rehaif did not announce a new rule of constitutional law[.]"). However, even had *Rehaif* announce a new rule of constitutional law, it would not be one which Lowe could take advantage of because the Eleventh Circuit has made clear that the holding in *Rehaif* was not made retroactive to cases on collateral review by the Supreme Court. *In re Palacios, supra,* 931 F.3d at 1315; *In re Price, supra,* 954 F.3d at 1049 ("Rehaif did not announce a new rule of constitutional law and, even if it did, it has not been made retroactive to cases on collateral review by the Supreme Court."). Therefore, because all of Lowe's claims hinge on *Rehaif* and the Supreme Court has not made that decision retroactive to cases on collateral review, this Court should deny and dismiss Petitioner's motion to vacate.[7] Nevertheless, even assuming

---

[7]     In addition to the foregoing, the undersigned simply notes that had the Government not waived its statute-of-limitations affirmative defense (*see* Doc. 43), *compare Pritchett v. United States,* 808 Fed.Appx. 980, 982 (11th Cir. Apr. 13, 2020) (recognizing that the government can waive its period-of-limitations affirmative defense) *with Sandvik v. United States,* 177 F.3d 1269, 1271 (11th Cir. 1999) (explaining that the period of limitations contained in § 2255 is "a garden-variety statute of limitations" and not a jurisdictional bar), the undersigned would have recommended that the Court summarily dismiss Lowe's motion to vacate as time-barred.

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted on April 24, 1996 and added a new subdivision to 28 U.S.C. § 2255 providing for a one-year period of limitations within which federal prisoners must file their motions to vacate pursuant to 28 (Continued)

U.S.C. § 2255. *Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir.), *cert. denied,* 531 U.S. 971, 121 S.Ct. 410, 148 L.Ed.2d 316 (2000). The one-year limitations period begins to run from the latest of four possible events:

> (1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, Lowe did not file a direct appeal and, therefore, his conviction became final fourteen (14) days after this Court entered its July 2, 2013 written judgment, that is, on July 16, 2013, the date on which the time for filing a notice of appeal with this Court expired. *Compare* Fed.R.App.P. 4(b)(1)(A)(i) *with Adams v. United States*, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999) ("[W]here a defendant does not pursue a direct appeal, the conviction becomes final when the time expires for filing a direct appeal.") and *Murphy v. United States,* 634 F.3d 1303, 1307 (11th Cir. 2011) ("[W]e have concluded that when a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires."). Lowe did not file the instant motion until June 4, 2020, which is obviously more than one year after his conviction became final, thus violating the one-year limitation period found in § 2255(f)(1).

Lowe does not argue that § 2255(f)(2) applies to his case (*see* Doc. 35, PageID. 134-35); instead, as aforesaid, he argues that Supreme Court's decision in *Rehaif, supra,* announced a new rule of substantive law retroactively applicable to cases on collateral review (*see id.*), a § 2255(f)(3) argument. However, Lowe's motion is not "timely under § 2255(f)(3) because *Rehaif* does not constitute a new right made retroactively applicable [to cases on collateral review]." *Young v. United States,* 2020 WL 4334037, *1 (11th Cir. Apr. 29, 2020), citing *In re Palacios, supra,* 931 F.3d at 1315. In addition, Lowe's motion is untimely under § 2255(f)(4) "because the discovery of a new legal theory does not constitute a discoverable 'fact.'" *Id.,* citing *Barreto-Barreto v. United States,* 551 F.3d 95, 99 (11th Cir. 2008). And, finally, because Lowe nowhere argues that the time-bar should be equitably tolled, *see id.,* citing *Holland v. Florida,* 560 U.S. 631, 649 (2010), the undersigned would have recommended that the instant motion to vacate be dismissed as time-barred pursuant to 28 U.S.C. § 2255(f) had the government not waived this affirmative defense.

*Rehaif* applies retroactively, Lowe is not entitled to relief for the reasons hereinafter delineated.

1.     **Jurisdictional Claim**. Lowe initially contends that his conviction must be vacated because this Court lacked subject-matter jurisdiction. (Doc. 35, PageID. 132). The Eleventh Circuit's recent decision in *United States v. Moore,* 954 F.3d 1322 (11th Cir. 2020), puts Lowe's jurisdictional claim to rest. As the appellate court explained in *Moore,*

> [T]he law is clear: the omission of an element in an indictment does not deprive the district court of subject matter jurisdiction. A defective indictment only affects jurisdiction when it fails to allege an offense against the United States. So long as the conduct described in the indictment is a criminal offense, the mere omission of an element does not vitiate jurisdiction.

*Id.* at 1336. And as recognized in *Moore,* "[t]he standard for whether an indictment sufficiently alleges a crime is not demanding[,]" such that  an indictment is sufficient if it tracks the statutory language and states the approximate time and place of the alleged crime. *Id.* at 1332. In this case, as was the case in *Moore,* the indictment returned against Lowe meets the standard for alleging a crime, reading, in pertinent measure, as follows:

> On or about November 9, 2012, in the Southern District of Alabama, Northern Division, the defendant, **WILLIE JAMES LOWE, JR.[,]** having been convicted of a crime punishable by imprisonment for a term exceeding one (1) year, to-wit: Felon in Possession of a Firearm, on January 9, 2012, in the United States District Court for the Southern District of Alabama, case number 10-00120-WS, did knowingly possess, in and affecting interstate commerce, two (2) firearms, namely, a Cobra Ent Model, CA-380, .380 caliber pistol, serial number 0P068569 and an Intratec Model, TEC-DC9, 9mm pistol, serial number D016865[,] [i]n violation of Title 18, United states Code, Section 922(g)(1).

(Doc. 1, PageID. 1). This indictment, like the one in *Moore*, "tracks—and cites—the language from 18 U.S.C. § 922(g)(1), which states: 'It shall be unlawful for any person . . . who has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce, any firearm or ammunition.'" *Moore, supra,* 954 F.3d at 1333, quoting 18 U.S.C. § 922(g)(1). Thus, this "indictment [against Lowe] was clearly sufficient prior to *Rehaif*[]" and while it certainly does not allege that Lowe was aware of his status as a felon at the time he possessed the firearms (*see* Doc. 35, PageID. 132 ("Of particular relevance here[,], the Indictment did not include the scienter element required by statute, as recognized in *Rehaif*.")), "the text of 18 U.S.C. § 922(g)(1) contains no such requirement." *Moore,* 954 F.3d at 1333.

> In *Rehaif*, the Supreme Court interpreted the statutory language of 18 U.S.C. § 922(g) as requiring a defendant to have knowledge of his status. Reading this knowledge requirement into the statute while also holding that indictments tracking the statute's text are insufficient would be incongruous. Although the government may be well advised to include such mens rea allegations in future indictments, that language is not required to establish jurisdiction.

*Id.*

Based upon the foregoing, it is clear that the indictment returned against Lowe meets the standard for alleging a crime, as it tracks and cites the statutory language in 18 U.S.C. § 922(g)(1), identifies the specific firearms he possessed, and states the approximate time and place of the alleged crime; the absence of the *mens rea* element (that is, that Lowe knew of his status as a felon at the time he possessed the firearms) did not deprive this Court of jurisdiction. *Moore, supra,* 954 F.3d at 1333 & 1336.

In addition, the Supreme Court's decision on the merits in *Rehaif* supports the rejection of Lowe's jurisdictional argument. "[T]he indictment the Supreme Court evaluated in *Rehaif* omitted the mens rea element[,]" *Moore, supra,* 954 F.3d at 1336, the same defect Lowe attacks in this case (Doc. 35, PageID. 132). And since the Supreme Court went on to address the merits of *Rehaif's* conviction without addressing subject matter jurisdiction, despite jurisdiction being a threshold issue that the Supreme Court must consider, *Moore,* 954 F.3d at 1336, citing *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 94, 118 S.Ct. 1003, 1012, 140 L.Ed.2d 210 (1998) ("On every writ of error or appeal, the first and fundamental question is that of jurisdiction, first, of this court, and then of the court from which the record comes. This question the court is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relation of the parties to it." (internal quotation marks omitted)), it is clear that the *mens rea* defect identified in *Rehaif*, the same as identified herein, is not a defect depriving this (or any district) court of subject-matter jurisdiction. *Id.* ("Had the defect in *Rehaif*—the same defect we consider here—been jurisdictional, the Supreme Court would have ruled on that ground rather than on the merits.").

For the foregoing reasons, therefore, the undersigned recommends that the Court find that any defect in the instant indictment did not deprive it of subject matter jurisdiction.

**2.** **Procedural Default**.  The Government stakes the position in its response in opposition that Lowe's remaining non-jurisdictional claims—the indictment was defective/insufficient, his plea was unknowing and involuntary, and the government did

not meet its burden of showing he had knowledge of his status as being a prohibited person possessing a firearm[8]—are procedurally defaulted. (*See* Doc. 43, PageID. 184-87). "Under the procedural default rule, a defendant generally must raise an available challenge to a conviction or sentence either before the district court or on direct appeal, 'or else the defendant is barred from presenting that claim in a § 2255 proceeding.'" *Magluta v. United States,* 660 Fed.Appx. 803, 809 (11th Cir. Aug. 30, 2016) (quoting *Lynn, supra,* 365 F.3d at 1234), *cert. denied,* ___ U.S. ___, 137 S.Ct. 2292, 198 L.Ed.2d 750 (2017);[9] *see also Massaro v. United States,* 538 U.S. 500, 504, 123 S.Ct. 1690, 1693, 155 L.Ed.2d 714 (2003) ("The background for our discussion is the general rule that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice."); *McKay v. United States,* 657 F.3d 1190, 1196 (11th Cir. 2011) ("Under the procedural default rule, 'a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding.'"), *cert.*

---

[8]     Lowe's overarching contention is that the indictment was defective/insufficient and his plea was not knowing and voluntary because the *mens rea* element of the crime was not expressly mentioned in the indictment, plea agreement, or plea colloquy. (*See* Doc. 35, PageID. 132). Indeed, Lowe goes on to specifically attack the government's failure to meet its burden to show that he had knowledge of his status as being a person prohibited from possessing a firearm, which the undersigned finds to be a sufficiency of the evidence attack.

As reflected above, the Eleventh Circuit's decision in *Moore, supra,* effectively lays to rest Lowe's defective indictment argument inasmuch as *Moore* makes clear that the indictment in this case meets the standard for alleging an offense against the United States. *See Moore, supra,* 954 F.3d 1333 & 1336.

[9]     "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

*denied,* 568 U.S. 830, 133 S.Ct. 112, 184 L.Ed.2d 52 (2012). "This rule generally

applies to all claims, including constitutional claims[,]" *Lynn, supra,* 365 F.3d at 1234

(citations omitted), and certainly applies to sufficiency of the evidence claims, *see*

*Aguero v. United States,* 580 Fed.Appx. 748, 751-54 (11th Cir. Sept. 12, 2014)

(acknowledging the procedural default doctrine applies to sufficiency of the evidence

claims); *Cox v. United States,* 2013 WL 1909429, *3 (N.D. Ala. May 2, 2013) (applying

procedural default rule to Petitioner's sufficiency of the evidence claim),

defective/insufficient indictment claims, *see Magluta, supra,* 660 Fed.Appx. at 809

(acknowledging the procedural default doctrine applies to challenges to the sufficiency

of an indictment), and challenges to the voluntariness of a plea, *see, e.g., Estupinan v.*

*United States*, 2019 WL  3254955, *2 (S.D. Fla. July 1, 2019) (finding that a defendant

who fails to raise an available challenge to the voluntariness of a guilty plea on direct

appeal is barred from raising that claim in a collateral proceeding pursuant to the

procedural default doctrine), *report and recommendation adopted sub nom. Cajiao v.*

*United States,* 2019 WL 3252227 (S.D. Fla. July 19, 2019).

Here, of course, Lowe did not file a direct appeal and, indeed, filed a notice of

non-appeal (Doc. 30); therefore, his sufficiency of the evidence, defective/insufficient

indictment and involuntary/unknowing plea claims are procedurally barred from being

raised in his § 2255 motion.[10] However, there are two exceptions to the procedural

default rule, neither which applies in this case. "The exceptions are: (1) for cause and

---

[10]    The undersigned notes as well that Lowe did not raise these two claims to the
district court at any time during the course of his guilty plea proceeding or at sentencing.

15

prejudice, or (2) for a miscarriage of justice, or actual innocence." *McKay, supra,* 657

F.3d at 1196 (citation omitted).

> Under the first exception, a defendant must show cause for not raising the
> claim of error on direct appeal *and* actual prejudice from the alleged error.
> Under the second exception, a court may allow a defendant to proceed
> with a § 2255 motion despite his failure to show cause for procedural
> default if a constitutional violation has probably resulted in the conviction
> of one who is actually innocent.

*Lynn, supra,* 365 F.3d at 1234 (internal citations and quotation marks omitted; emphasis

in original).

This Court can easily dispense of both exceptions. Lowe does not argue to this

Court that the cause and prejudice exception applies (*see* Doc. 35) and, therefore, this

Court need "not address this exception." *McKay, supra,* 657 F.3d at 1196 ("Because

McKay does not argue on appeal that the cause and prejudice exception applies—nor

for that matter did he do so at the district court—we do not address this exception.").

The second narrow exception does not apply because Lowe has not supplied any

evidence to this Court establishing his actual, factual innocence of the charged crime of

being a felon in possession of a firearm. *Compare Schlup v. Delo,* 513 U.S. 298, 324,

115 S.Ct. 851, 865, 130 L.Ed.2d 808 (1995) (finding that, to be credible, a claim of

actual innocence "requires petitioner to support his allegations of constitutional error

with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy

eyewitness accounts, or critical physical evidence--that was not presented at trial.") and

*id.* at 327, 115 S.Ct. at 867 ("To establish the requisite probability, the petitioner must

show that it is more likely than not that no reasonable juror would have convicted him in

the light of the new evidence.") *with McQuiggin v. Perkins,* 569 U.S. 383, 386, 133 S.Ct.

1924, 1928, 185 L.Ed.2d 1019 (2013) ("[T]enable actual-innocence gateway pleas are *rare*: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" (emphasis supplied)) and *San Martin v. McNeil,* 633 F.3d 1257, 1268 (11th Cir.) ("The actual innocence exception is 'exceedingly narrow in scope,' and the petitioner must demonstrate that he is factually innocent rather than legally innocent."), *cert. denied,* 565 U.S. 843, 132 S.Ct. 158, 181 L.Ed.2d 73 (2011). Indeed, Lowe makes no explicit or implicit actual innocence argument (*see* Doc. 35); instead, he simply attacks the government's failure to show he had knowledge of his status as one prohibited from possessing a firearm (*see id.,* PageID. 132). However, nothing about Petitioner's sufficiency-of-the-evidence argument is grounded in newly-discovered evidence that was not known at the time of entry of his guilty plea nor does this argument establish his actual, factual innocence of being a felon (that is, a prohibited person) in possession of a firearm. Moreover, Lowe cannot credibly claim he is actually innocent, because, at the time of this offense, he had already been sentenced to a custodial sentence exceeding a year in this very Court—as made clear in the factual resume attached to the plea agreement, the plea colloquy, the PSR, and at sentencing—and knew that he was prohibited from possessing a firearm because of his status as a convicted felon, as his previous conviction in this Court (for which he was still on probation at the time of the instant offense, probation which was revoked on the day he was sentenced in this case) was for the same crime, that is,

being a felon in possession of a firearm[11] (*see, e.g.,* Doc. 20, PageID. 65; Doc. 27, PageID.101-02; Doc. 40, PageID. 143-45 & Doc. 41, PageID. 164-65).  Accordingly, this is not one of those rare cases in which the actual innocence exception is applicable. Because neither exception is applicable, federal review of the claims he raised in his § 2255 motion (Doc. 35), save with respect to the jurisdictional claim, is precluded.[12]

---

[11]     And when this Court entered its written judgment in *United States v. Lowe,* 10-00120-WS, one of the conditions of supervised release highlighted in the judgment was that Lowe was prohibited from possessing a firearm. *See United States v. Lowe,* 10-00120-WS, Doc. 30, PageID. 98 ("**The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.**").

[12]     If the Court finds it necessary to address Lowe's non-jurisdictional claims, it should find those claims unavailing under the applicable plain error review standard, *see United States v. Reed,* 941 F.3d 1018, 1020 (11th Cir. 2019) (applying plain error review to *Rehaif* indictment claim). The undersigned would simply note that even assuming plain error, Lowe cannot "show a reasonable probability that, but for the error, the outcome of the proceeding would have been different[.]" *Molina-Martinez v. United States* 578 U.S. ___, 136 S.Ct. 1338, 1343, 194 L.Ed.2d 244 (2016) (citation omitted; internal quotation marks omitted). Lowe stipulated in the factual resume, made a part of the plea agreement, and admitted during the plea colloquy that he had been convicted of being a felon in possession of a firearm in this Court, a crime for which he served more than one year in custody, and that he possessed two handguns at the time of his arrest in the instant case. Thus, because the record before this Court indisputably establishes that Lowe knew he was a felon and that he possessed two firearms, he cannot demonstrate that the errors he cites to affected his substantial rights or the fairness, integrity or public reputation of judicial proceedings. *See, e.g., United States v. Johnson,* 805 Fed.Appx. 740, 743 (11th Cir. Feb. 26, 2020) (finding defendant could not show that error[s] affected his substantial rights where "indictment alleged he had four prior felony convictions, he stipulated before trial that he was a felon, and he admitted at sentencing that he had been convicted of multiple felony offenses for which he served lengthy terms in prison before possessing the firearm."), *cert., denied,* ___ U.S. ___, ___ S.Ct. ___, 2020 WL 3405984 (June 22, 2020). Indeed, it would be quite the perversion of justice for this Court (or any court) to find that the outcome of Lowe's proceeding would have been different given that when Petitioner was arrested for the instant violation of § 922(g)(1), he was at that moment on supervised release after serving more than one year in prison following his December 22, 2010 conviction and January 9, 2012 sentencing in this Court for violating § 922(g)(1) (being a felon in possession of a firearm). In short, if anyone should know that he is a person prohibited from possessing a firearm, it is Lowe who was at the time of his arrest in this case on supervised release after serving a custodial sentence of more than one year following his December 22, 2010 conviction and January 9, 2012 sentencing for violating § 922(g)(1) (being a felon in possession of a firearm).

Therefore, the Magistrate Judge recommends that the Court deny/dismiss Lowe's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255.

**C.** **Certificate of Appealability.**  Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2).  Here, Lowe's habeas petition is being denied on the merits, with respect to his jurisdictional claim, such that a COA should issue only when the Petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong[,]" *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000); *see also id.* at 483-484, 120 S.Ct. at 1603-1604 ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"); *see Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003) ("Under the

controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether  (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"), but also on procedural grounds without reaching the merits of his non-jurisdictional claims, such that "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling[,]" *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000). As for the jurisdictional claim, it is recommended that the Court find that reasonable jurists could not debate whether Lowe's § 2255 habeas petition should be resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. Moreover, given the applicability of the procedural default doctrine (as well as Petitioner's inability to establish one of the narrow exceptions to application of this doctrine) with respect to Lowe's non-jurisdictional claims, a reasonable jurist could not conclude that this Court is in error for summarily dismissing this portion of Lowe's motion to vacate, nor could a reasonable jurist conclude that petitioner should be allowed to proceed further with respect to his non-jurisdictional claims. *Slack, supra,* 529 U.S. at 484, 120 S.Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the

petitioner should be allowed to proceed further."). Accordingly, petitioner is not entitled to a certificate of appealability.

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *Brightwell v. Patterson,* CA 11-00165-WS-C, Doc. 14 (order from Eleventh Circuit denying petitioner a certificate of appealability in a case in which this exact procedure was outlined in the report and recommendation); *see also Castrejon v. United States,* 2011 WL 3241817, *20 (S.D. Ala. Jun. 28, 2011) (providing for the same procedure), *report and recommendation adopted,* 2011 WL 3241580 (S.D. Ala. Jul. 29, 2011); *Griffin v. DeRosa*, 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), *report and recommendation adopted sub nom. Griffin v. Butterworth,* 2010 WL 3943699 (N.D.Fla. Oct. 5, 2010).

## CONCLUSION

The Magistrate Judge is of the opinion, based on the foregoing discussion, that Petitioner's motion to vacate, set aside or correct his sentence (Doc. 35) should be **DENIED/DISMISSED** and this case dismissed with prejudice. Petitioner is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis*.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 24th day of November, 2020.

　s/P. Bradley Murray　　　　　
**UNITED STATES MAGISTRATE JUDGE**